NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



# SUPREME COURT OF GEORGIA
Case No. S22C1238

May 02, 2023

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

THANH TAN PHUNG et al. v. ASHLEY HART.

The Supreme Court today denied the petition for certiorari in this case.

All the Justices concur.

Court of Appeals Case No. A22A0528

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk

BETHEL, Justice, concurring.

Because the standard for certiorari review requires more than mere error correction, I concur in the Court's denial of certiorari in this case. But I write separately to express my grave concern that the Court of Appeals' mischaracterization of the record here likely resulted in the erroneous disposition of an enumeration.

This personal injury case involves claims for negligence stemming from an automobile collision with a pedestrian. Ashley Hart, the plaintiff in the underlying suit, was in a lane of traffic on a highway and not in a designated crosswalk or at a marked intersection. One of the critical considerations in the case is the question of whether the driver of the automobile, Thanh Tan Phung, saw Hart prior to the collision. There appears to be no question that Phung saw a second pedestrian – a man waving in the right lane. The trial court granted summary judgment to Phung, concluding that Hart had failed to provide evidence that "Phung was negligent or failed to exercise due diligence." The Court of Appeals, upon review of the record, reversed and in doing so determined that

Phung's deposition created a genuine issue of material fact concerning whether Phung saw Hart prior to the impact and could have stopped in time. The Court of Appeals relied on Phung's testimony that he could have stopped in time to avoid hitting the other pedestrian that he avoided – a man waving in the right lane – by switching to the left lane, and his statement that "I was in the right lane when I saw them." (Emphasis supplied.) See Hart v. Phung, 364 Ga. App. 399, 401, 407 (876 SE2d 1) (2022).

But, in context, Phung's use of the plural "them" cannot reasonably be read to indicate that Phung saw Hart prior to the impact. In his deposition, Phung describes seeing "someone waving right in my lane," causing him to "merge into the left lane" where he then ran over "something" a few seconds later. There is no apparent dispute that the person waving in the lane was the other pedestrian and most certainly was not Hart. The "something" Phung struck, sadly, appears to have been Hart, who was possibly lying down in the left lane of Highway 92. Phung unequivocally and consistently states numerous times throughout his deposition that he never saw

3

Hart in the lane before the impact. And it is Plaintiff's counsel that repeatedly referred to the man waving in the plural – mentioning "their clothes, their face, their hands," and asking "how far were you from the person that was in your lane [ie, the man waving] when you first noticed them do you think?" Phung and Hart's counsel discuss the man waving, and then after some back-and-forth, Phung states "I was in the right lane when I saw them." (Emphasis added.) That Phung similarly responds in the plural when discussing the man waving in the lane does not change the meaning of his response that is clear from context. Phung was indicating when he saw the waving man, not that he saw both the waving man and Hart. The Court of Appeals' use of this response, out of context and in isolation, to overturn the trial court's grant of summary judgment appears to be clearly erroneous.

Nevertheless, because the opinion of the Court of Appeals does not incorrectly state the law but merely incorrectly applies it to the record in a way not apparent on the face of the opinion, I agree that the issue here lacks gravity and the case is not one of great import

to the public. Thus, I concur in the denial of certiorari, though I admonish the Court of Appeals to exercise greater care in its review of the records it reviews.

I am authorized to state that Chief Justice Boggs and Justices Warren and LaGrua join in this concurrence.